IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| The Cincinnati Insurance Company, <br><br> Plaintiff, <br><br> vs. <br><br> CPP Enterprises d/b/a Renovia, Marriott Ownership Resorts, Inc., Marriott Resorts Hospitality Corporation, Ocean Watch Villas Owners Association, Merle D. Russ and Ellen Russ, on behalf of themselves and all others similarly situated, <br><br> Defendants. | **DECLARATORY JUDGMENT ACTION** <br><br> C.A. No._____ <br><br> **(Non-Jury)** |

Plaintiff, The Cincinnati Insurance Company ("CIC"), hereby brings this action for declaratory judgment action pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201-2202, and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. CIC is an insurance company organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Ohio, and is duly authorized to do business and issue insurance policies in the State of South Carolina.

2. CPP Enterprises d/b/a ("CPP") is a limited liability company organized and existing in the State of Indiana, which was, at all times relevant hereto, conducting business in Horry County, South Carolina.

3. Upon information and belief, Marriott Ownership Resorts Inc. ("MOR") is a corporation organized and existing pursuant to the laws of the State of Delaware which was, at all times relevant hereto, conducting business in Horry County, South Carolina.

4. Upon information and belief, Marriott Resorts Hospitality Corporation ("MRHC") is a corporation organized and existing pursuant to the laws of the State of Florida which was, at all times relevant hereto, conducting business in Horry County, South Carolina.

5. Upon information and belief, Ocean Watch Villas Homeowners Association ("the HOA") is a non-profit corporation organized and existing pursuant to the laws of the State of South Carolina which was, at all times relevant hereto, conducting business in Horry County, South Carolina.

6. Upon information and belief, Merle Russ and Ellen Russ ("the underlying plaintiffs") are citizens and residents of the State of Virginia.

7. This is a declaratory judgment action brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201-2202.

8. CIC seeks a determination from this Court of its defense and coverage obligations, if any, to CPP, MOR, MRHC, and the HOA under a policy of insurance for the claims alleged against CPP, MOR, MRHC, and the HOA in an underlying lawsuit currently pending in the United States District Court for the District of South Carolina, Florence Division.

9. Jurisdiction exists because there is complete diversity of citizenship between CIC and the defendants, and the amount in controversy, including the potential costs of defending and indemnifying CPP, MOR, MRHC, and the HOA in the underlying dispute, potentially exceeds $75,000.00. This Court thus has jurisdiction based upon 28 U.S.C. § 1332(a).

10. Additionally, venue is appropriate under 28 U.S.C. § 1391 because the work giving rise to the underlying dispute and litigation occurred in Horry County, South Carolina.

11. All matters and allegations contained herein are within the subject matter and personal jurisdiction of this Court, and venue is proper in this Court.

## THE UNDERLYING LITIGATION

12. This declaratory judgment action arises out of certain alleged construction defects involving the Marriott's Oceanwatch at Grande Dunes condominium development ("the Development") located in Horry County, South Carolina.

13. Upon information and belief, CPP was not involved in performing any work related to the original construction of the Development.

14. Upon information and belief, MOR, MRHC, and the HOA retained CPP in November 2016 to repair certain sealants at the Development following Hurricane Matthew. Upon information and belief, CPP completed its repair work on or about May 2017.

15. Upon information and belief, the Development was damaged by Hurricane Florence in September 2018. Thereafter, MOR, MRHC, and the HOA again retained CPP to repair certain sealants at the Development. Upon information and belief, CPP completed its repair work in 2019.

16. The underlying plaintiffs filed a lawsuit in the United States District Court for the District of South Carolina, Florence Division, captioned *"Merle D. Russ and Elle Russ, on behalf of themselves and all others similarly situated v. Marriott Ownership Resorts, Inc., et al.,"* C.A. No. 4:20-cv-00187-JD, seeking damages from alleged defects which allegedly result in water intrusion and deterioration of the buildings in the Development (hereinafter referred to as "the

Underlying Action"). A copy of the Third Amended Complaint in the Underlying Action is attached hereto as **Exhibit A** and incorporated herein by reference.

17. The Third Amended Complaint in the Underlying Action asserts two causes of action against CPP: (1) negligence, and (2) breach of warranties. The negligence claim asserts, *inter alia*, that CPP negligently performed repair services, causing water intrusions into the buildings and/or common areas of the Development.

18. The breach of warranties cause of action alleges that CPP expressly and/or impliedly warranted that the work performed by it would be of workmanlike quality, merchantable, and fit for the particular purpose for which it was built.

19. The underlying plaintiffs have claimed as damages the cost of repairing the construction performed by CPP as well as loss of use.

20. CIC is currently providing a defense for CPP in the Underlying Action under a full reservation of rights. MOR, MRHC, and the HOA have also sought a defense from CIC as purported additional insureds under CPP's policy.

## THE POLICY

**21.** CIC issued to CPP a policy of insurance bearing number ENP0248794 with the effective date of coverage from November 1, 2014 to November 1, 2017 ("the Policy"). A true and accurate copy of the Policy (with premium information redacted) is attached hereto as **Exhibit B** and is incorporated herein by reference.

22. The Policy provides general liability insurance and commercial umbrella coverage in accord with various terms, conditions, limitations and exclusions.

23. There is an actual controversy existing between CIC and the defendants regarding CIC's obligations under the Policy in connection with the Underlying Action.

## COUNT I – DECLARATORY JUDGMENT –
## NO OCCURRENCE RESULTING IN PROPERTY DAMAGE DURING THE POLICY PERIOD

24. CIC realleges and incorporates herein by reference all of the allegations set forth above.

25. The Policy's Commercial General Liability coverage part includes Coverage A – Bodily Injury and Property Damage Liability ("Coverage A"), which provides as follows:

> **SECTION I - COVERAGES**
>
> **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABIILTY**
>
> **1. Insuring Agreement**
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . .
>
> \* \* \*
>
> b. This insurance applies to "bodily injury" and "property damage" only if:
>
> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> (2) The "bodily injury" or "property damage" occurs during the policy period; and
>
> \* \* \*

26. "Property damage" is defined in part as "a. physical injury to tangible property, including all resulting loss of use of that property ... or b. Loss of use of tangible property that is not physically injured..."

27.     "Occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

28.     The Policy expired on November 1, 2017.

29.     CPP completed its work and/or no damage occurred at the Development related to CPP's work until after the Policy expired. Therefore, no "property damage" occurred during the policy period of the CIC Policy. Accordingly, CIC has no duty to defend CPP, MOR, MRHC, and the HOA under the Policy.

30.     Moreover, claims alleging "property damage" to CPP's own work do not state an "occurrence" as is defined in the Policy. Moreover, claims for breach of warranty do not constitute an "occurrence" resulting in "property damage" and, therefore, no coverage is afforded to CPP for those claims. Coverage is unavailable under the Policy with respect to the allegations set forth in the Underlying Action that do not allege a claim for "property damage" caused by an "occurrence."

### COUNT II – DECLARATORY JUDGMENT – CERTAIN POLICY EXCLUSIONS APPLY TO LIMIT OR BAR COVERAGE

31.     CIC realleges and incorporates herein by reference all of the allegations set forth above.

32.     Coverage A is also subject to various Exclusions that apply to further limit or exclude coverage for the Underlying Action, including the Damage to Property Exclusion, which provides:

> j.     Damage to Property
>
> "Property damage" to:
>
> * * * *

      (5)    That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

      (6)    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

      \* \* \* \*

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

33. Coverage A is also subject to the Damage to Your Work Exclusion, which provides as follows:

    l.    Damage to Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".
This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

34. Additionally, Coverage A includes the Damage to Impaired Property or Property Not Physically Injured Exclusion, which bars coverage as follows:

    m.    Damage to Impaired Property or Property Not Physically Injured
"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

      (1)    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

      (2)    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

    \* \* \* \*

35. Coverage for the claims asserted against CPP in the Underlying Action is further limited or excluded based on the application of one or more of the foregoing Exclusions.

36. In addition to the foregoing, CIC pleads all other conditions, terms, limitations, definitions, exclusions, and provisions of the Policy, all of which support the relief herein requested.

### PRAYER FOR RELIEF

WHEREFORE, CIC respectfully requests that this Court enter a judgment declaring the rights and obligations of the parties, including, but not limited to, the following: (a) that the Policy does not afford coverage in connection with the claims asserted in the Underlying Action based on the Policy terms, limitations and Exclusions set forth above; (b) that CIC has no duty to defend CPP, MOR, MRHC, and the HOA against the claims asserted in the Underlying Action; (c) that CIC has no duty to indemnify CPP, MOR, MRHC, and the HOA against the claims asserted in the Underlying Action; (d) that CIC should not have to pay any alleged or potential judgment creditor of CPP, MOR, MRHC, and the HOA for any claims; (e) that the costs of this action be taxed against the defendants; and (f) for all such other and further relief as equity and the justice of the cause may require and permit.

/s/ Nicholas A. Farr
Nicholas A. Farr (Fed. Bar No. 11069)
ROGERS TOWNSEND, LLC
401 N. Main Street
Greenville, SC  29601
(864) 751-9980

Attorneys for Plaintiff,
February 16, 2023                    The Cincinnati Insurance Company